GUY L. DEANO, Inc., v. SERAPHIM et al.*

No. 16392.

Court of Appeal of Louisiana. Orleans.

Nov. 4, 1936.

Puncky & Barrios and James J. Landry, all of New Orleans, for appellant.

H. J..Moore, of New Orleans, for appellees.

McCALEB, Judge.

The plaintiff below, Guy L. Deano, Inc., filed this suit alleging, ·in substance, as follows:

That it is a corporation engaged in the real estate brokerage business in the city of New Orleans; that on April 3, 1934, Mrs. Georgiana M. Seraphim made an offer in writing to purchase certain real estate from Benjamin J. Gross through it as agent for said Gross; that the offer was accepted by said Gross and that Mrs. Seraphim deposited with it the entire purchase price, which is the sum of $600.

It further alleges that by virtue of the agreement of sale, it was entitled to receive from the vendor a broker's com-

mission of 4 per cent. of the amount of said sale, and in the event the purchaser defaulted, the said purchaser agreed to pay the broker's commission.

It further averred that it was advised by attorneys for the purchaser of the real estate that the title thereto is not good and merchantable and that the deposit made by said purchaser should be returned to her; that the attorneys for the vendor had contrarily advised it that the title to the real estate is good and valid and that the vendor is ready to deliver the property to the purchaser by act of sale.

It further alleged that because of the conflicting claims of the parties in interest, it could not meet both demands, and that the only remedy open to it was to deposit the purchase price in the registry of the court and relieve itself of litigation in regard to the validity of the title.

It further alleged that it is entitled to deduct from the $600 deposited with it, its commission of $24, and also entitled to deduct the cost of court, which it fixes at $20, together with $60 as attorney fees, or, in total, the sum of $104.

It prayed that Mrs. Seraphim, the purchaser, and Gross, the vendor, be cited to appear and answer the petition; that it be permitted to deposit in the registry of the court the sum of $496; that it be relieved from any liability in the premises, and, finally, that there be judgment in its favor and against the defendants, decreeing that the sum of $104, deducted from said deposit, be· taxed against the unsuccessful claimant to the fund. Upon the foregoing petition an ex parte order was entered by the trial judge permitting the plaintiff to deposit the sum of $496 in the registry of the court.

It does not appear that citation was issued or served upon either of the party defendants to the suit, but, notwithstanding, Mrs. Seraphim answered the petition and denied the right of the plaintiff to deduct the sum of $104 from the amount of the deposit. She alleges that the written offer to purchase provides, among other things, that "in the event title is not valid and can not in reasonable time, and at reasonable expense be made valid, this contract shall be null and void"; that after she deposited the purchase price in full with the plaintiff, she had the title to the real estate examined by her lawyers, and, upon their advice, said title was rejected by her on the ground that the same

is not good and merchantable. She therefore claims that, by reason of the above-quoted condition in the offer to purchase the real estate, she is entitled to receive from the plaintiff the entire sum of $600 deposited with it without any deductions whatsoever.

After Mrs. Seraphim filed her answer, she proceeded by rule, contradictorily taken, for the plaintiff to show cause why it should not deposit the full sum of $600 in the registry of the court. After hearing this rule, the court made it absolute and ordered the plaintiff to deposit in the registry of the court the sum of $104. This amount, together with the amount of $496 already on deposit, would bring the total amount to $600 representing the amount which Mrs. Seraphim is entitled to in the event it should be found that she has just cause in refusing to take title to the real estate.

From this judgment and order of the district court, Guy L. Deano, Inc. has appealed.

This suit is brought under the provisions of Act No. 123 of 1922 which provides: "That whenever any person * * * shall be in possession of any money, which is claimed by two or more persons, or upon which two or more persons are claiming a lien or privilege, then such person * * * holding said money, may deposit the same in the registry of the District Court having jurisdiction, and shall thereafter be relieved of all liability for the payment of said money." Section 1.

■ The nature of the proceeding is commonly known as an interpleader, and, in the absence of statute, is an equitable remedy. One of the essential requisites, in order for the court to grant the relief in equity, is that the party instituting the cause shall be without claim or interest in the fund held by him. Pomeroy's Equity Jurisprudence, 4th Ed., § 1464; 33 Corpus Juris, 419.

While the remedy the plaintiff is attempting to invoke here is statutory (Act No. 123 of 1922), there is nothing contained in the act which allows the plaintiff in such proceedings to deduct a portion of the sum, which he holds, from the deposit he makes with the court.

It is manifest in this case, under the terms of the offer to purchase, that if the purchaser is successful in showing that the contract is null and void, she is entitled to have the entire deposit of $600 returned to her without any deduction whatsoever. The plaintiff therefore cannot, by resorting to the remedy of interpleader, deduct from the amount of the deposit which should be made by it, any sum or sums which it claims to be due in the nature of commissions, court costs, attorney fees, or otherwise.

■ The district judge allowed the plaintiff to deposit a sum less than the amount the plaintiff should have deposited, on an ex parte order, and he was correct, upon a rule being contradictorily taken, in ordering the plaintiff to make full deposit of the funds which it held as stakeholder for the benefit of the rival claimants.

For the reasons assigned, the judgment appealed from is affirmed, and it is now ordered that the case be remanded to the Civil District Court for the parish of Orleans for further proceedings in accordance with law. Guy L. Deano, Inc., to pay costs of this appeal.

Affirmed.